# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF IDAHO

_____

| | |
|---|---|
| In Re | |
| STEVEN PAUL CADY and CONNIE JEAN CADY, | **Case No. 06-00502** <br> **Chapter 11** |
| **Debtors.** | |

_____

## MEMORANDUM OF DECISION

_____

**Appearances:**

> D. Blair Clark, RINGERT CLARK, Boise, Idaho, Attorney for Debtors.

> Kimbell Gourley, TROUT JONES GLEDHILL & FUHRMAN, Boise, Idaho, Attorney for Creditor Jones Hess Fuhrman & Eiden, P.A.

> Janine Reynard, Assistant U.S. Trustee, Office of the U.S. Trustee, Boise, Idaho.

### *Introduction*

Jones Hess Fuhrman & Eiden, P.A. ("Creditor") objects to

confirmation of the chapter 11 plan proposed by Debtors Steven and Connie

MEMORANDUM OF DECISION - 1

Cady.[1]  Creditor contends the plan's proposed treatment of its impaired secured

claim is not fair and equitable.  Docket No. 147.  Debtors disagree with Creditor's

position and seek confirmation.  Docket No. 155.  The Court conducted a hearing

concerning Creditor's objection on July 3, 2007, took the issues under advisement,

and has considered the parties' oral and written arguments.  Docket Nos. 147;155;

158-59.  The following constitutes the Court's findings of fact, conclusions of law,

and disposition of the issues.  Fed. R. Bankr. P. 7052; 9014.

### *Factual Background*

The facts are not in dispute.  Creditor, a law firm, represented

Debtors in state court litigation.  When Debtors filed for bankruptcy relief,

Creditor filed a secured proof of claim for attorney fees in the amount of

$236,083.88.  Creditor's claim is secured by a deed of trust on Debtors' real

property.  Claims Register 3-1.[2]  Creditor asserts its claim is non-contingent and

liquidated.  Creditor maintains that because its bill for fees and costs is past due

---

[1]  On March 9, 2007, Debtors filed "Debtors' Plan of Reorganization *Amended 3-8-07*."  Docket No. 134.  Debtors thereafter filed modifications to this plan on May 30 and July 3, 2007.  Docket Nos. 149 and 157.  The Court refers to these filings collectively herein as "the plan."

[2]  While Creditor's claim was originally secured by liens on Debtors' interest in several parcels of real property, over the course of the bankruptcy case, the lien has been, with Creditor's consent, released in part.  Presently, the parties agree Creditor holds a lien solely on the property known as the Alpine Wheel Estates Mobile Home Park. Docket No. 157.

MEMORANDUM OF DECISION - 2

and payable in full, under applicable state law, it would be entitled to immediately take action to foreclose the lien against the real property securing the debt.  Docket No. 158.[3]

Debtors assert Creditor committed malpractice in connection with representing Debtors, and therefore Creditor's claim is both contingent and unliquidated because they are entitled to offset their damages against any amounts owed to Creditor.  If Creditor sues Debtors to foreclose, they intend to assert a counterclaim to recover their damages.  If Creditor does not sue them, Debtors will commence an action against Creditor.

Debtors' proposed plan treats Creditor's claim in a separate class.  It provides that Creditor:

> is secured with a consensual lien in all interests of Alpine Wheel Mobile Home Park. This claim is disputed. Within thirty days of the Effective Date, Debtors will file a complaint in the District Court of the Fourth Judicial District of the State of Idaho, in and for the County of Ada (State Court) to seek recovery of damages for legal malpractice as well as a determination that the lien rights are void. This creditor is impaired.
>
> This creditor shall specifically retain its lien upon the Alpine Wheel Estates Mobile Home Park property as

---

[3] While Creditor's claim is secured by a deed of trust, at the hearing Creditor acknowledged that, if allowed to do so, it would pursue a judicial action to collect its debt and foreclose its lien.

MEMORANDUM OF DECISION - 3

the same is currently in force and effect. <u>This creditor may also file a suit for foreclosure of its secured claim within thirty days of the Effective Date of the Plan, whether or not Debtors file the complaint referred to herein</u>. Should Debtors prevail in the litigation, the lien may, or may not, be avoided by the decision of the State Court. If the claim is avoided, then the Alpine Wheel property shall be free and clear of any other claims. Should the claim be allowed, however, in whole or in part, then Debtors shall pay the same, in full, with interest at 8% per annum, within 6 months of the final decision in the State Court. <u>During the six months' period, this creditor may schedule a judicial foreclosure sale, but such sale shall not be conducted prior to the expiration of this six-month period. All other state law remedies available to Debtors or Creditor shall remain in force.</u>

Pre-Confirmation Modification of Plan, Docket No. 157 (emphasis in original).[4]

Creditor rejected the plan and objected to its confirmation,[5] arguing that its claim is impaired because it cannot foreclose its lien on Debtors' property until six months after entry of a state court judgment resolving the parties' competing claims. Debtors insist the plan treats Creditor's claim fairly by allowing Creditor to promptly proceed with an action to foreclose its lien, and if a

---

[4] Debtors modified their original plan in response to Creditor's objection to confirmation. In particular, the unmodified version of the plan included no time frame during which Debtors must commence any malpractice action against Creditor. The plan was also amended to provide that Creditor was free to commence an action in state court 30 days after confirmation.

[5] Creditor was the only creditor filing a ballot to reject the plan or object to confirmation. *See* Debtors' Pre-Confirmation Memorandum at 1-6 , Docket No. 155.

MEMORANDUM OF DECISION - 4

state court determines Debtors are indebted to Creditor, provides for payment of

Creditor's claim within six months thereafter with interest.   Docket No. 159.[6]

### *Disposition*

### A.

The bankruptcy court has an affirmative duty to ensure that a chapter

11 plan satisfies all of the confirmation requirements set forth in § 1129.  *Liberty*

*Nat'l Enters. v. Ambanc La Mesa Ltd P'ship.* ( *In re Ambanc La Mesa Ltd.*

*P'ship.*) , 115 F.3d 650, 653 (9th Cir. 1997).

> The bankruptcy court must confirm a Chapter 11
> debtor's plan of reorganization if the debtor proves by
> a preponderance of the evidence either (1) that the Plan
> satisfies all thirteen requirements of 11 U.S.C. §
> 1129(a), or (2) if the only condition not satisfied is the
> eighth requirement, 11 U.S.C. § 1129(a)(8), the Plan
> satisfies the "cramdown" alternative to this condition
> found in 11 U.S.C. § 1129(b), which requires that the
> Plan "does not discriminate unfairly" against and "is
> fair and equitable" towards each impaired class that
> has not accepted the Plan.

*Id.*

Section 1129(a)(8) requires that each class has either accepted the

plan, or that the class is not impaired.  There is no doubt here that Creditor's claim

is impaired to the extent its state law remedy to foreclose its lien is stayed for six

---

[6] Creditor has not objected to Debtors' proposal to pay interest on its secured claim at the rate of 8% per annum.

MEMORANDUM OF DECISION - 5

months after entry of a judgment in Creditor's favor.  *See* § 1124(1) (providing

that a class of claims is impaired under a plan unless it leaves the creditor's rights

unaltered).  Debtors' plan meets all of the confirmation requirements of the Code

except for § 1129(a)(8).  Therefore, to be confirmed, Debtors' plan must satisfy §

1129(b)(1) by treating Creditor's claim fairly and equitably.  "The question of

whether a reorganization plan is fair and equitable involves questions of fact."

*Great Western Bank v. Sierra Woods Group*, 953 F.2d 1174, 1176 (9th Cir. 1992).

Under § 1129(b), Debtors' plan treatment of Creditor's claim is fair

and equitable, and may be confirmed over Creditor's objection, if it satisfies one

of several options:

> The plan may provide that the holder of a secured
> claim retain its lien on the debtor's property and that it
> receive deferred cash payments having a present value
> equal to the amount of the creditor's allowed claim.
> 11 U.S.C. § 1129(b)(2)(A)(i).  The plan may also
> provide for the sale of any property that is subject to
> the lien, free and clear of the lien, with the lien to
> attach to the proceeds of the sale, with the creditor to
> be paid from the proceeds.  11 U.S.C.
> § 1129(b)(2)(A)(ii).  Finally, the plan may provide "for
> the realization by such holders of the indubitable
>
>  equivalent of such claims."  11 U.S.C. § 1129(b)(2)(A)(iii).

MEMORANDUM OF DECISION - 6

*In the Matter of Martindale*, 91 I.B.C.R. 39, 42 (Bankr. D. Idaho 1991).  In this

case, Debtors argue their plan provides Creditor with the "indubitable equivalent"

of its rights under state law per § 1129(b)(2)(A)(iii).

> In applying this standard to plan treatment, this Court has noted that:

>> Something is dubitable if it is open to doubt or
>> question and, conversely, is indubitable if it is not
>> open to any doubt. . . . One might say, therefore, that
>> the evidence of the requisite indubitable equivalent is
>> present if, under the treatment proposed in the plan,
>> there is no reasonable doubt but that the [creditor] will
>> receive the full value of what it bargained for when it
>> made the contract with the debtor.  In other words, is
>> there any real doubt but that, as a matter of fact, the
>> [creditor] will be paid in full?

*In re Wiersma*, 03.1 I.B.C.R. 42, 49 (Bankr. D. Idaho 2003) (quoting 7 L. King,

*Collier on Bankruptcy* ¶ 1129.05[2][c], 1129-136 (15th ed. rev. 1997) *aff'd* 324

B.R. 92 (9th Cir. BAP 2005), *aff'd.* 2007 WL 1073782 (9th Cir. 2007)).  Whether

plan treatment provides the indubitable equivalent of Creditor's claim is a question

of law.  *Arnold & Baker Farms v. United States* (*In re Arnold & Baker Farms*), 85

F.3d 1415, 1421 (9th Cir. 1996).

B.

MEMORANDUM OF DECISION - 7

Debtors do not believe they owe Creditor the amount sought for fees because they suffered damages from Creditor's alleged malpractice in an amount that will exceed Creditor's claim. If, however, Debtors do not prevail in a malpractice action, they propose to pay Creditor the amount owed, with interest. If they do not make timely payment, Creditor may foreclose on their property to collect any amounts owed. Despite the delay in payment of any amounts owed to Creditor, and while it is a close call, the Court agrees with Debtors: this plan treatment provides Creditor with the indubitable equivalent of its claim, and therefore, the plan treats Creditor's claim fairly and equitably.

When Debtors' bankruptcy petition was filed, Creditor held a disputed claim against Debtors for attorney fees incurred in representing Debtors in unsuccessful state court litigation. Debtors contend they lost that litigation, at least in part, because of mistakes made by their lawyers. The malpractice action Debtors intend to pursue against Creditor may impact the amount Creditor is entitled to recover from Debtors.

Given this state of affairs, there appear to be two options to determine how much Creditor, or Debtors, are owed. One option is to require Debtors to object to Creditor's claim and litigate the amount due, if any, in bankruptcy court prior to confirmation. When that dispute is resolved, if Creditor

MEMORANDUM OF DECISION - 8

prevails, Debtors would be required to propose a plan to pay the amount of Creditor's claim, or Creditor would be allowed to foreclose its lien.  The other option is to confirm Debtors' plan, which requires the parties to litigate the malpractice and lien foreclosure issues in state court and provides for Creditor to either receive payment or foreclosure of its lien, once the amount owed is adjudicated.

When weighing the options, in the Court's view, each leaves Creditor in roughly the same position.  Under Debtors' plan, if an amount is due to Creditor, it will be paid within six months or Creditor may foreclose.  In this respect, Creditor's rights, specifically its right to immediately foreclose upon liquidation of its claim, are compromised.  Although Creditor is unhappy that payment is being delayed, in the context of Debtors' comprehensive debt restructuring plan dealing with the rights of many creditors and significant debts, the delay is not unreasonable.  Indeed, that is the nature of the reorganization process:  the rights of individual creditors may be impaired in a fair and reasonable fashion so that the rights of Debtors, and their other creditors, can be preserved.

Debtors' plan provides a timely mechanism by which Creditor's disputed claim will be resolved.  Creditor will retain its lien, and its ability to

MEMORANDUM OF DECISION - 9

foreclose, if it does not receive prompt payment.  The proposed plan treatment, in the Court's opinion, constitutes the indubitable equivalent of Creditor's rights.

### *Conclusion*

Creditor's objection to confirmation is overruled.  Debtors' chapter 11 Plan shall be confirmed.  Debtors shall promptly submit an appropriate order for entry by the Court with the signature approval of the U.S. Trustee.

Dated: July 30, 2007

Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION - 10